**Harjeet SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74234.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 23, 2008.

Harjeet Singh, Tracy, CA, pro se.

Jem C. Sponzo, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). The regulations state that a motion to reopen removal proceedings must be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. *See* 8

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

C.F.R. § 1003.2(c)(2). A review of the administrative record demonstrates that the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. Petitioner's final administrative order of removal was entered on March 12, 2003. Petitioner's motion to reopen was filed on July 16, 2007, more than ninety days after the date on which the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2).

Further, the regulations state that a party may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in denying petitioner's second motion to reopen as barred by numerical limitations.

To the extent petitioner challenges the denial of his motion to reopen because his motion falls within an exception to the general time and number requirements, the BIA did not abuse its discretion in denying the motion on this ground. The regulations state that the time and numerical limitations do not apply to motions that are seeking to apply or reapply for asylum or withholding of removal based upon changed circumstances arising in the country of nationality. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Petitioner's evidence that country conditions in India are the same as they were previously is not evidence of changed circumstances.

Accordingly, respondent's unopposed motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent petitioner seeks review of the BIA's denial of his request to *sua sponte* reopen proceedings, this court lacks

jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, respondent's unopposed motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**